**CONTEMPORARY SERVICES CORPORATION, a California Corporation, Plaintiff-Appellant,**

v.

**LANDMARK EVENT STAFFING SERVICES, INC., a Delaware Corporation; Peter Kranske, an individual; Michael Harrison, an individual, Defendants-Appellees,**

No. 14-56636

United States Court of Appeals, Ninth Circuit.

Argued and Submitted October 5, 2016 Pasadena, California

Filed January 30, 2017

As Amended on Denial of Rehearing March 30, 2017

Kenya LaVerne Williams, Esquire, Attorney, Craig B. Bailey, Esquire, Attorney, Fulwider Patton LLP, Los Angeles, CA,

Thomas M. Peterson, Attorney, Morgan Lewis & Bockius LLP, San Francisco, CA, for Plaintiff-Appellant

Melvin N.A. Avanzado, Attorney, The Avanzado Law Firm, Los Angeles, CA, for Defendants-Appellees

Before: PREGERSON, PAEZ, and TALLMAN *, Circuit Judges.

## MEMORANDUM **

Contemporary Services Corporation ("CSC") appeals the district court's grant of summary judgment in favor of Landmark Event Staffing Services, Inc., Peter Kranske, and Michael Harrison (collectively "Landmark") as to its claims for misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.,* and breach of contract. We affirm in part, reverse in part, and remand for proceedings consistent with this decision.

1. We review a district court's grant of summary judgment de novo. *Surfvivor Media, Inc. v. Survivor Prods.,* 406 F.3d 625, 630 (9th Cir. 2005). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2. CSC asserted a CUTSA claim for misappropriation of trade secrets, alleging that Landmark acquired and used numerous CSC-created documents. "[A] prima facie claim for misappropriation of trade secrets requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed,

---

* Judge Tallman was drawn to replace Judge Noonan after oral argument. He has read the briefs, viewed the recorded argument, and studied the record.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." *Cytodyn, Inc. v. Amerimmune Pharm., Inc.*, 160 Cal.App.4th 288, 72 Cal.Rptr.3d 600, 607 (2008) (internal quotation marks omitted).

3. A trade secret is "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code, § 3426.1(d). Here, CSC raised material triable issues as to whether its customer lists (CSC California #17-18), its deployment workbook (CSC California #12), and its PowerPoint disclosing financial information (CSC California #2) qualify as trade secrets.[1] *See Abba Rubber Co. v. Seaquist*, 235 Cal. App.3d 1, 286 Cal.Rptr. 518, 526 (1991) (where a customer list qualified as a trade secret); *id.* at 529 n.9 (noting that "ease of ascertainability is irrelevant to the definition of a trade secret"); *Whyte v. Schlage Lock Co.*, 101 Cal.App.4th 1443, 125 Cal. Rptr.2d 277, 287–88 (2002) (where specific and unique financial information qualified as a trade secret). In addition, CSC raised a triable issue as to whether Landmark unlawfully ratified employee Grant Haskell's misappropriation of CSC trade secrets when Landmark failed to cease the use of CSC documents, disavow Haskell's conduct, or terminate Haskell's employment after Landmark "had reason to know" of Haskell's misappropriation. Cal. Civ. Code § 3426.1(b)(2)(B); *see also PMC, Inc. v. Kadisha*, 78 Cal.App.4th

1368, 93 Cal.Rptr.2d 663, 675 (2000) (finding triable issue where employer made "no real attempt to determine" whether trade secret misappropriation had occurred).

4. We therefore reverse the district court's summary judgment ruling, and conclude that CSC satisfied the first two elements of a misappropriation of trade secrets claim under the CUTSA. The district court declined to decide whether CSC demonstrated causation and damages, however, and we therefore leave those issues for the district court's consideration on remand.

5. Because CSC's breach of contract claim was derivative of its misappropriation of trade secrets claim, we reverse the district court's grant of summary judgment to Landmark on that claim.

6. In light of our disposition, we vacate the award of attorney's fees to Landmark as premature.

7. We also **GRANT** the Request for Judicial Notice by Appellees Landmark Event Staffing Services, Inc., Peter Kranske, and Michael Harrison, filed on Oct. 5, 2015, ECF No. 36.

8. The parties shall bear their own costs on appeal.

For the foregoing reasons, we **AFFIRM IN PART** and **REVERSE IN PART** the district court's grant of summary judgment, **REMAND** for proceedings consistent with this disposition, and **VACATE** the award of attorney's fees in favor of Landmark.

---

1. To the extent CSC's misappropriation of trade secrets claim was based on other documents, we affirm the district court's ruling that CSC failed to raise a triable issue as to whether those documents qualify as trade secrets.